## Abstract of the Decision.

1. ANIMALS, § 46*—*when damages for injury to crops by hogs are not excessive.* In an action for damages for injury to plaintiff's crops by defendant's hogs in an adjoining field getting into plaintiff's fields and destroying a part of said crops therein, *held* that the amount of damages accruing to the plaintiff was a question of fact to be determined by the jury from the evidence, and that a verdict for six hundred dollars was sustained by the evidence.

2. DAMAGES, § 172*—*what testimony is proper to show previous estimate of amount of loss.* In an action for damages, a question asked of the plaintiff whether he had instituted a former suit against another person for the same loss in which the damages were laid at a less sum than in the suit on trial is proper as tending to show his estimate of the amount of his loss at that time.

3. WITNESSES, § 181*—*when refusal of repetition of proper question is not error.* It is not error to refuse a repetition of a proper question which has already been asked and answered.

---

## Max Rosenfeld, Plaintiff in Error, v. John B. Ehrhart, Defendant in Error.

### (Not to be reported in full.)

Error to the Circuit Court of Madison county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916.

### Statement of the Case.

Action of replevin by Max Rosenfeld, plaintiff, against John B. Ehrhart, defendant, to recover certain merchandise, fixtures, etc., used in connection with the grocery store previously operated by plaintiff. From a finding and judgment in favor of defendant, plaintiff brings error.

TERRY, GUELTIG & POWELL, for plaintiff in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

WARNOCK, WILLIAMSON & BURROUGHS, for defendant in error.

MR. JUSTICE BOGGS delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 113*—*when party is estopped to claim intoxica-tion at time of signing.* The contention by a party to a contract that he was intoxicated and did not know what he was signing when he executed same cannot avail him when on the next day after executing the contract he voluntarily took steps to carry out its provisions.

2. APPEAL AND ERROR, § 1414*—*when finding of trial judge will not be disturbed.* Where a jury has been waived, the finding of the trial judge is entitled to the same weight as the finding of a jury on the controverted questions of fact, and unless such finding is against the manifest weight of the evidence it should not be disturbed.

3. SALES, § 210*—*when evidence is sufficient to show delivery of personalty.* On an issue as to the sale and delivery of a stock of goods and furniture in a store, horses, etc., *held* that the finding by the court trying the case without a jury that the property was in fact delivered was fully warranted by the evidence.

4. SALES, § 182*—*when bill of sale is unnecessary.* A bill of sale is not necessary to pass the title to personal property which is sold and possession delivered.

5. SALES, § 180*—*what is sufficient evidence of intention to effect a sale of personalty.* Actual delivery of possession of personal property is usually of itself sufficient evidence of intention to effect a sale thereof.

6. APPEAL AND ERROR, § 1713*—*when assignment of error is waived.* An assignment of error which is not argued in the brief is waived, under the rules of this court.

7. APPEAL AND ERROR, § 1466*—*when judgment will not be dis-turbed because of the admission of incompetent evidence.* Even though the trial court may have admitted incompetent evidence on the hearing, yet if there be sufficient competent evidence in the record to sustain the court's finding and judgment, the judgment should not be disturbed on that account.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.